## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| SHEILA MEDINA | * | CIVIL ACTION NO. 05-0097 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| HORSESHOE ENTERTAINMENT and HARRAH'S CASINO | * | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING AND ORDER[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Strike filed by defendant Horseshoe Entertainment ("Defendant"). (Doc. No. 22). Plaintiff Sheila Medina ("Plaintiff") opposes the motion. (Doc. No. 24). For reasons stated below, it is ordered that the motion to strike be **GRANTED as modified below.**

### BACKGROUND

This discrimination claim arises out of Plaintiff's employment with Defendant. Plaintiff was deposed on November 28 and 29, 2005, and reserved her right to review and sign the deposition transcript pursuant to Rule 30(e) of the Federal Rules of Civil Procedure. On May 24, 2006, submitted her completed correction sheet identifying twenty-six (26) corrections or changes to the transcript. Plaintiff's explanations for the changes ranged from correction of typographical errors, to confusion regarding the phrasing of a question, to her own inaccurate recollection of the facts.

Defendant seeks to strike Plaintiff's correction sheet as untimely and impermissible under Rule 30(e). According to Defendant, the corrections were submitted beyond the thirty (30) days

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

allowed for review and include several substantive changes that either contradict or add to Plaintiff's testimony.

Plaintiff disputes the bases for Defendant's motion. First, Plaintiff claims that her corrections are timely because she did not receive the transcript until April 28, 2006, less than thirty (30) days prior to her submission of corrections on May 24, 2006. Furthermore, Plaintiff argues that the transcript she received did not include the exhibits referenced therein and thus was not complete until the exhibits were received on June 6, 2006, such that the 30 day period had not even commenced at the time she submitted her corrections. Second, relying on the plain language of Rule 30(e) and case law supporting a broad interpretation of the type of permissible changes, Plaintiff claims that substantive corrections of the type she identified are allowed.

## LAW AND ANALYSIS

<u>Proper Motion</u>

The undersigned begins by noting that Defendant has failed to identify the procedural basis for its motion to strike other than noting that it is based on alleged violations of Rule 30(e) of the Federal Rules of Civil Procedure. Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken **from any pleading** any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Deposition errata and correction sheets are not among the documents identified as "pleadings" in Rule 7(a) and thus are not subject to a motion to strike. Fed. R. Civ. P. 7(a) (listing "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complain . . . and a third-party answer" as pleadings); *see, e.g., United States v. Crisp*, 190 F.R.D. 546, 550-1 (E.D. Cal. 1999); *EEOC v. Admiral Maintenance Serv., L.P.*, 174 F.R.D. 643, 645-6 (N.D. Ill. 1997); *Lombard v. MCI Telecom Dawson v. City of Kent*, 682 F. Supp. 920, 922 (N.D. Ohio 1988), *aff'd*, 865 F.2d

257 (6th Cir. 1988). Given that a motion to strike is the improper vehicle to challenge a deponent's deposition corrections, the undersigned will treat Defendant's motion as a motion in limine or, in the alternative, a motion to reopen the deposition. *See Reilly*, 230 F.R.D. at 491 (denying motion to strike in lieu of reopening deposition); *Porter v. Hamilton Beach/Proctor-Silex, Inc.*, No. 01-2970, 2003 WL 21946596, at *7, (W.D. Tenn. July 28, 2003) (treating motion to strike errata sheet as a motion in limine).

Fed. R. Civ. Proc. 30(e)

>Defendant's motion is based on Rule 30(e), which provides:
>
>If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them.

Fed. R. Civ. P. 30(e). "The Federal Rules of Civil Procedure, which have the force of statutes, are to be accorded 'their plain meaning . . . and generally with them, as with a statute, when we find the terms unambiguous, judicial inquiry is complete.'" *Welsh v. R.W. Bradford Transp.*, 231 F.R.D. 297, 298 (N.D. Ill. 2005) (quoting *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989)).

**A. Timeliness of Plaintiff's Corrections**

Under Rule 30(e), a deponent must correct any errors in a deposition transcript within 30 days of being notified that the complete transcript is available for review. In this case, Plaintiff and Defendant differ on when Plaintiff received notice of the transcript's availability. Citing the date on a cover letter to Plaintiff's counsel from Pilant Court Reporting, Ltd. ("Pilant") indicating that the transcript was available for review, and relying on principles of agency, Defendant claims that Plaintiff received notice of the transcript's availability on or shortly after February 1, 2006. In affidavits submitted with Plaintiff's opposition, Plaintiff and her counsel deny receiving

the letter and transcript until April 28, 2006, and, in any event, claim that the transcript was not complete until June 6, 2006, when they received the exhibits discussed and examined during the deposition.

Given the absence of any convincing, independent evidence of when Plaintiff received notice that the transcript was available for review, and, as discussed in more detail below, the lack of any prejudice to Defendant if Plaintiff's corrections are allowed, the undersigned finds that they are timely. Defendant relies solely on the date on Pilant's cover letter as evidence of Plaintiff's receipt of notice, but has failed to provide evidence of the date the letter was in fact mailed or actually received. Plaintiff has provided her own and her counsel's affidavits stating that the date on Pilant's letter was not the actual mailing date, and that they did not receive the transcript until April 28, 2006. Furthermore, Plaintiff argues out that the transcript was not complete until June 6, 2006, the undisputed date on which she received the exhibits referenced during the deposition. The undersigned agrees. Although the Plaintiff did not in fact make any corrections which required the exhibits, she certainly would have been entitled to do so had she found errors in connection with them. Finally, Defendant has failed to show prejudice as a result of the timing of the corrections to the Plaintiff's deposition. Defendant's motion on this issue is therefore **DENIED**.

**2. Substantive Corrections**

Defendant also seeks to strike several of Plaintiff's corrections because they "substantially altered the original deposition testimony", including changing "yes" to "no" and vice versa. Def.'s Brief, p. 4. Defendant argues that Rule 30(e) does not permit a deponent to make such contradictory corrections and change the substance of his or her testimony. Instead, Defendant cites a passage from *Greenway v. Int'l Paper Company*, 144 F.R.D. 322 (W.D. La. 1992), in which the Court stated:

> [Rule 30(e)] could not be interpreted to allow one to alter what was said under oath. If that were the case, one would merely answer the questions with no thought at all [sic] then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Id.* at 325. Defendant's suggested approach has been described as the "growing minority view." *Summerhouse v. HCA Health Servs.*, 216 F.R.D. 502-505-6 (D. Kan. 2003).

Plaintiff, in addition to arguing that the corrections are not substantive and are consistent with other portions of her testimony, advocates for a broad reading of Rule 30(e) that was first espoused in *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981). The broad reading, which follows the plain language of Rule 30(e), authorizes "changes in form or substance" and thus would permit even direct contradictions. *Id.* at 641. Recently, the United States District Court for the Northern District of Texas aptly summarized the virtues and safeguards inherent in the broad reading:

> This interpretation, unlike the narrow interpretation, is consistent with the plain language of the Rule which expressly contemplates "changes in form or substance" accompanied by a signed statement reciting the reasons for the changes. As written, the Rule makes provision for changes in substance that are made for legitimate reasons, such as to correct a misstatement or honest mistake. This furthers the purpose of the discovery process -- to allow the parties to elicit the true facts of a case before trial. In contrast, the narrow view prohibits all substantive changes, including corrective changes. While the Court wholly agrees that a deposition should not be a "take home examination," the broad approach allows for legitimate corrective changes while implementing adequate safeguards to prevent abuse, including maintaining a record of the changes and the stated reasons therefore, reopening the deposition, and assessing the costs of additional discovery necessitated by the substantive changes against the deponent.

*Reilly v. TXU Corp.*, 230 F.R.D. 486, 490 (N.D. Tex. 2005). Reopening a deposition, one of the safeguards that prevents a deponent from abusing Rule 30(e), will be permitted "if changes made in the deposition pursuant to Rule 30(e) make the deposition incomplete or useless without further testimony." *See Lugtig*, 89 F.R.D. at 642 (citing *Allen & Co. v. Occidental Petroleum Corp.*, 49 F.R.D. 337 (S.D.N.Y.)).

5

Despite Plaintiff's contention that the majority of her corrections are consistent with the context of her deposition and merely serve to clarify her answers, several corrections, for whatever reason, contradict what she had previously stated. Under the broad interpretation of Rule 30(e), though, these contradictions and substantive alterations are permitted; therefore, to the extent Defendant seeks to prevent Plaintiff from making such corrections, the Defendant's motion is **DENIED.**

It should be noted that the original answers are not to be stricken, and that the Defendant may use the original answers for impeachment purposes where appropriate.

In addition, in light of the number of substantive changes -- at least ten -- and the potential questions raised by the plaintiff's explanations, it is hereby ordered that the deposition is to be **REOPENED should defendants desire to do so**. The reopening, if any, is to be limited in scope to the corrections Plaintiff made, the reasons therefore, and any reasonable follow-up questions necessitated by her new answers. The reopening does not permit Defendant to begin the entire deposition anew or to inquire into subject areas unaffected by Plaintiff's corrections. Plaintiff will be responsible for the costs associated therewith. *See Reilly*, 230 F.R.D. at 491; *Lugtig*, 89 F.R.D. at 642.

THUS DONE AND SIGNED at Monroe, Louisiana, this 19th day of July, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE